UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FREDERICK SMITH and TAHMEL GORDON,

                           Plaintiffs,                    1:17-cv-00077 (BKS/CFH)

v.

POLICE OFFICER STEPHEN SAWYER, et al.,

                           Defendants.
_____

**Appearances:**

*For Plaintiffs:*
David A. Zelman
The Law Office of David Zelman
709 Eastern Parkway
Brooklyn, New York 11225

*For Defendant James Riley:*
Joanna M. Longcore
McCabe & Mack LLP
63 Washington Street
P.O. Box 509
Poughkeepsie, New York 12602-0509

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiffs Frederick Smith and Tahmel Gordon bring this action under 42 U.S.C. § 1983 alleging that their Fourth Amendment rights were violated during a January 25, 2014 traffic stop. (Dkt. No. 81). On January 27, 2020, the Court granted in part and denied in part Defendants' motions for summary judgment. *Smith v. Sawyer*, No. 17-cv-00077, 2020 WL 419517, 2020 U.S. Dist. LEXIS 12650 (N.D.N.Y. Jan. 27, 2020). In the memorandum-decision and order, the Court found that Defendant James Riley's use of deadly force was reasonable and that, even if it was

unreasonable, Riley was entitled to qualified immunity. (*Id.*). Presently before the Court is Plaintiffs' Motion for Reconsideration. (Dkt. No. 120). Riley has responded. (Dkt. No. 127). The Court assumes familiarity with the facts and procedural history of this case. For the following reasons, Plaintiffs' motion is denied.

## II. LEGAL STANDARD

In general, a motion for reconsideration may only be granted upon one of three grounds: (1) "an intervening change of controlling law," (2) "the availability of new evidence," or (3) "the need to correct a clear error of law or prevent manifest injustice." *United States v. Zhu*, 41 F. Supp. 3d 341, 342 (S.D.N.Y. 2014) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)); *see also Shannon v. Verizon N.Y., Inc.*, 519 F. Supp. 2d 304, 307 (N.D.N.Y. 2007). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257. "The standard for reconsideration is strict and is committed to the discretion of the court." *S.E.C. v. Wojeski*, 752 F. Supp. 2d 220, 223 (N.D.N.Y. 2010) *aff'd sub nom. Smith v. S.E.C.*, 432 F. App'x 10 (2d Cir. 2011).

## III. DISCUSSION

Plaintiffs make three principal arguments in support of reconsideration. First, they argue that Riley's use of force was unreasonable because Riley was required to issue a warning prior to firing his weapon, and whether such a warning was feasible is a question for the jury. (Dkt. No. 120-1, at 5–6). Second, they argue that there are disputed issues of fact concerning both the reasonableness of Riley's use of force and his entitlement to qualified immunity. (*Id.* at 6–9).

2

Third, they argue that granting qualified immunity was improper because the actions taken "at the time of the car stop" that "constitute the threat" are in dispute, and Gordon's right to be free from deadly force when he did not pose a threat was clearly established. (*Id.* at 9–13).

Plaintiffs' argument that a material factual dispute exists regarding whether Riley should have given a warning fails. As the Court concluded in its decision, viewing the facts in the light most favorable to Plaintiffs, Riley's decision to fire was reasonable under the totality of the circumstances he faced—even if that decision was ultimately mistaken. *Smith*, 2020 WL 419517, at *11–12, 2020 U.S. Dist. LEXIS 12650, at *31–34. Moreover, contrary to Plaintiffs' contentions, considering all that Riley knew in that moment, a warning was not feasible here where events were rapidly evolving and Riley had "probable cause to believe that [Gordon] pose[d] a significant threat of death or serious physical injury to" himself or the others on the scene. *Smith*, 2020 WL 419517, at *12, 2020 U.S. Dist. LEXIS 12650, at *33-34 (quoting *Tennessee v. Garner*, 471 U.S. 1, 3 (1985))). Moreover, Plaintiffs point to no "controlling decisions . . . the [C]ourt overlooked" suggesting that a warning was required here. *See Shrader*, 70 F.3d at 257. Thus, this argument is without merit.[1]

Plaintiffs' assertion that there are disputed facts material to the qualified immunity analysis—likewise fail. While there are some disputed issues of fact regarding the *extent* of the threat posed by Gordon, construing all of the material facts in the light most favorable to the Plaintiffs, Riley's use of deadly force was reasonable: Riley was confronting four passengers in a

---

[1] Plaintiffs point out that "[Sawyer] sa[ying] 'Gun' immediately before firing . . . is not a warning and was not intended as a warning." (Dkt. No. 120-1, at 6). However, the pertinent issue is not whether Sawyer saying "gun" could be construed as a warning but rather how Sawyer doing so impacted the reasonableness of Riley's decision to fire. *See Nimely v. City of New York*, 414 F.3d 381, 390–91 (2d Cir. 2005) ("[T]he reasonableness of the officer's decision to use force in effectuating a seizure 'depends only upon the officer's knowledge of circumstances immediately prior to and at the moment that he made the split-second decision to employ deadly force.'" (quoting *Cowan ex rel. Estate of Cooper v. Breen*, 352 F.3d 756, 762 (2d Cir. 2003))).

car, at night, at least one of whom was suspected of firing a gun shortly before the stop; the passengers had not followed officers' directions; and another officer on the scene, Sawyer, said "gun!" and then fired his weapon. *Smith*, 2020 WL 419517, at *12–13, 2020 U.S. Dist. LEXIS 12650, at *36–37. *See Salim v. Proulx*, 93 F.3d 86, 92 (2d Cir. 1996) ("The reasonableness inquiry depends only upon the officer's knowledge of circumstances immediately prior to and at the moment that he made the split-second decision to employ deadly force."). Thus, even after resolving all disputed facts in Plaintiffs' favor, the Court found the force Riley used was reasonable—and that, in the alternative, Riley did not have "fair notice" that his conduct was unlawful. *Smith*, 2020 WL 419517, at *11-14, 2020 U.S. Dist. LEXIS 12650, at *31-38. *See Edrei v. Maguire*, 892 F.3d 525, 539 (2d Cir. 2018), *cert. denied*, 139 S. Ct. 2614 (2019). Thus, to the extent there are factual disputes on either prong of the qualified immunity analysis, they are not material because they do not "implicate the reasonableness of the [Riley's] use of force." *Thomas v. Roach*, 165 F.3d 137, 144 (2d Cir. 1999). Plaintiffs cite no case that suggests otherwise. *See Shrader*, 70 F.3d at 257.

Finally, Plaintiffs argue that because the Court could not locate caselaw that clearly established the illegality of Riley's actions, qualified immunity should have been denied because it was clearly established that Gordon "has the right to be free from the use of deadly force by police officers where he is not a threat." (Dkt. No. 120-1, at 12). Plaintiffs' argument, however, is contrary to the law of the Supreme Court and the Second Circuit, which as the Court explained, asks whether in light of then-existing precedent the officer "acted reasonably in the particular circumstance that he or she faced." *Smith*, 2020 WL 419517, at *13, 2020 U.S. Dist. LEXIS 12650, at *35 (quoting *Edrei*, 892 F.3d at 539). *See, e.g.*, *White v. Pauly*, 137 S. Ct. 548, 552 (2017) (per curiam) ("Today, it is again necessary to reiterate the longstanding principle that

'clearly established law' should not be defined 'at a high level of generality.'" (quoting *Ashcroft v. al–Kidd*, 563 U.S. 731, 742 (2011))); *Cugini v. City of New York*, 941 F.3d 604, 616 (2d Cir. 2019) ("Even assuming that the right to be free from excessive force during handcuffing was then clearly established, however, we cannot rest our ultimate conclusion as to immunity on a right that was clearly established only at 'a high level of generality.' . . . Our analysis must instead be 'particularized' to the facts of the case.") (internal citations omitted). Plaintiffs, in their motion, do "not point to any caselaw that the Court failed to consider which clearly established" that Riley's actions were illegal. *Ferguson v. City of New York*, No. 17-cv-4090, 2018 WL 3626427, at *2, 2018 U.S. Dist. LEXIS 127049, at *3 (E.D.N.Y. July 30, 2018). Accordingly, this argument is also without merit.

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiffs' Motion for Reconsideration (Dkt. No. 120) is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 27, 2020
Syracuse, New York

Brenda K. Sannes
U.S. District Judge

5